KAHN, J.
This workers’ compensation case involves application of the concept of major contributing cause as embodied in section 440.09(l)(b), Florida Statutes (1997). In the decision before us on review, the Judge of Compensation Claims (JCC) ruled that a complex medical condition involving ap-pellee’s left ankle is compensable. We reverse and remand the order to allow the JCC to reconsider the case applying the appropriate legal standard. Appellee Alvenia Scott was a bus driver for the City of Tallahassee. In July 1997, she tripped and struck her left leg on a fare box on the bus. This incident caused a bruise on appellee’s leg but did not cause any immediate disability. In fact, appellee continued to work in her usual capacity for several weeks. Thereafter, she suffered a series of medical complications at the site of the bruise. The medical evidence in this case reveals that appellee had several preexisting problems that contributed to the severity of the resulting wound. These conditions include a prior dog bite with a resulting scar at the same place she suffered the bruise, diabetes, and a history of smoking.
In awarding benefits, the JCC relied upon the testimony of Dr. Balliro. Dr. Balliro testified that the bruising incident was “a necessary condition” for the subsequent manifestations to occur, but that the initial incident was not sufficient to produce the wound that ultimately developed without the claimant’s other preexisting problems. Dr. Balliro equated what he referred to as the necessary condition with the statutory concept of major contributing cause. The JCC relied heavily upon Dr. Balliro’s testimony concerning necessary condition.
This court has now decided the case of Closet Maid v. Sykes, 25 Fla. L. Weekly D459, - So.2d -, 2000 WL 155878 (Fla. 1st DCA Feb. 15, 2000). In that case, we concluded under section 440.09(1)(b) “coverage is available if the workplace accident contributes more to the disability or need for treatment than any other single cause.” Id. at D460, at-. We rejected the concept that “the workplace accident must be a greater cause than all other causes combined.” Id. at D460-61, at-. We further concluded that the statutory requirement of section 440.09(1), Florida Statutes, concerning proof to a reasonable degree of medical certainty “does not reflect any departure from the [previously] established standard of proof.” Id. at D461, at-.
Dr. Balliro’s opinion equating necessary condition to major contributing cause, and the JCC’s subsequent adoption of that opinion, does not conform to our construction of the statute in Closet Maid. Accordingly, we REVERSE the order awarding workers’ compensation benefits and REMAND to the JCC with instructions that the case be reconsidered with application of the proper standard of major contributing cause. In his discretion, the JCC may allow the parties to reopen the medical evidence.
WEBSTER, and PADOVANO, JJ., CONCUR.